IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KELLI OUTLAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 1:11cv901-CSC |
| | ) | (WO) |
| WORLD FINANCE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION and ORDER**

Now pending before the court is the plaintiff's motion to dismiss filed on July 11, 2012.[1] *See* Doc. # 17. The plaintiff seeks to have this case voluntarily dismissed without prejudice. The Federal Rules of Civil Procedure permit a plaintiff to dismiss an action voluntarily only "by court order, on terms that the court considers proper" after the defendant has filed an answer or a motion for summary judgment, unless there is a stipulation signed by all the parties to the action. FED.R.CIV.P. 41(a)(1)(A)(i) and (ii). "A voluntary dismissal without prejudice is not a matter of right." *Fisher v. Puerto Rico Marine Mgmt, Inc*. 940 F.2d 1502, 1502 (11th Cir.1991).

Because the defendant has filed an answer before the plaintiff filed her motion to dismiss, Outlaw cannot voluntarily dismiss her claims against World Finance Corporation without a stipulation filed by all the parties or an order from the court. The parties have not

---

[1] Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.

signed or filed a stipulation.  Thus, FED.R.CIV.P. 41(a)(2) governs the plaintiff's motion.

The court retains broad discretion when considering a motion to dismiss pursuant to FED. R. CIV. P. 41(a)(2).  *See Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001).  "A district court considering a motion for a dismissal without prejudice should bear in mind principally the interests of the defendant, for it is the defendant's position that the court should protect." *McCants v. Ford Motor Co., Inc.,* 781 F.2d 855, 856 (11th Cir. 1986). "The purpose of the rule 'is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.'" *Id.* (quoting *Alamance Industries, Inc. v. Filene's,* 291 F.2d 142, 146 (1st Cir. 1961). The defendant does not object to the plaintiff's motion to dismiss.  *See* Doc. # 19.  Therefore, upon consideration of the motion and for good cause, it is

ORDERED that the plaintiff's motion to dismiss (doc. # 17) be and is hereby GRANTED and this case be and is hereby DISMISSED without prejudice.

A separate final judgment will be entered.

Done this 16th day of July, 2012.

                                        /s/Charles S. Coody
                                        CHARLES S. COODY
                                        UNITED STATES MAGISTRATE JUDGE